ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 OCT 26 AM 10:55
CLERK _L. Flanders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MELVIN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CV 307-016 |
| ) | |
| DERRYL HERMAN, Physician's Assistant; ) | |
| CARL LIFT, Medical Doctor; and PAUL ) | |
| THOMPSON, Warden, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Macon State Prison ("MSP") in Oglethorpe, Georgia, filed the above captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon

---

[1] While Plaintiff now resides at MSP, at the time of the events alleged in his complaint Plaintiff resided at Telfair State Prison in Helena, Georgia.

which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Paul Thompson, Warden of Telfair State Prison ("TSP"); (2) Derryl Herman, Physician's Assistant at TSP; and (3) Carl Lift, Medical Doctor at TSP. (Doc. no. 1, pp. 1 & 4).

Plaintiff alleges that, while incarcerated at TSP he suffered from "dizzy spells followed by aroma of ammonia frontal headaches, and seldom decreased vision in his right eye that lasted about twenty (20) seconds." (Id. at 5). After filing several sick call slips, Plaintiff was seen by Defendant Herman, a physician's assistant. (Id.). Plaintiff described to Defendant Herman the problems he was having, and explained that he was also experiencing weakness in his right leg, numbness in his left leg, and pain in his lower back and neck. (Id.). According to Plaintiff, Defendant Herman refused to refer Plaintiff to a doctor. (Id.).

After filing several more sick call slips and informal grievances, Plaintiff was seen by Defendant Lift, a doctor. (Id. at 6). Plaintiff explained to Defendant Lift his problems, and Defendant Lift thereafter ordered an MRI of Plaintiff's lower back and legs. (Id.). Plaintiff asserts that Defendant Lift determined from the MRI that there was nothing wrong with Plaintiff. (Id.). However, according to Plaintiff, there was a report in his medical

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

records indicating that a neurologist concluded that an MRI should have been done starting from where the problem was occurring, Plaintiff's neck and/or upper back. (Id.). Plaintiff's complaint asserts that Defendant Lift disagreed with this purported neurologist's report and refused to order any other tests. (Id.). After being refused any more tests and follow-up treatment, Plaintiff filed two administrative grievances that were denied by Defendant Thompson. (Id.).

On February 21, 2006, Plaintiff was transferred to MSP. (Id. at 7). After being seen by the medical staff at MSP it was determined that Plaintiff had spinal and disc problems that required surgery. (Id.). Plaintiff underwent surgery in February of 2007. (Id.). Finally, according to Plaintiff, had Defendants properly diagnosed and treated Plaintiff at TSP, the deterioration of Plaintiff's disc and spine would not have occurred. (Id.). As relief, Plaintiff seeks a judgment against each Defendant in the amount of $1,500,000.00 for deprivation of his civil and constitutional rights. (Id. at 8).

## II. SCREENING OF COMPLAINT

### A. Grievance Claim

To the extent Plaintiff may be alleging that Defendant Thompson should be held liable for failing to properly handle Plaintiff's grievance, such a claim is without merit. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance

3

procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff contends that he filed two administrative grievances that Defendant Thompson denied. However, any alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in

4

the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's grievance claim fails as a matter of law.

**B.  *Respondeat Superior* Claim** [3]

To the extent Plaintiff blames Defendant Thompson for the actions of Defendants Herman and Lift, such an allegation also fails to state a claim upon which relief can be granted. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has not alleged that Defendant Thompson was personally involved with Plaintiff's medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Thompson and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be

---

[3] Although Plaintiff does not specifically allege that Defendant Thompson is responsible on the basis of *respondeat superior*, in an abundance of caution, the Court will address this potential claim.

5

established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has not alleged any causal connection with respect to Defendant Thompson to hold him liable for Defendants Herman's and Lift's alleged constitutional violation. Plaintiff has proffered no facts suggesting that Defendant Thompson was responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's medical needs. Nor has Plaintiff alleged that Defendant Thompson either directed his subordinates to act unlawfully, or knew they would act unlawfully but failed to stop them. As such, Plaintiff has also failed to demonstrate that there was a causal connection between Defendant Thompson's actions and Defendants Herman's and Lift's alleged constitutional violation.

In sum, Plaintiff has failed to state a claim against Defendant Thompson based on his

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

position as Warden of TSP. As this is the only remaining potential claim against Defendant Thompson, he should be **DISMISSED** from the case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's grievance and *respondeat superior* claims be **DISMISSED** and that Defendant Thompson be **DISMISSED** from this case.[5]

SO REPORTED and RECOMMENDED this 26th day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Herman and Lift for Plaintiff's claim of deliberate indifference to a serious medical need.

7