ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAR -3 P 3: 28
CLERK B McLarty
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MELVIN SCOTT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 307-016 |
| DERRYL HERMAN, Physician's Assistant, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 37). Defendants filed a response to Plaintiff's objections, in which they urge this Court to adopt the Report and Recommendation to dismiss Plaintiff's complaint for failure to exhaust. (Doc. no. 38). As for the reasons explained below, Plaintiff's objections are without merit.

The complaint in this case is based on allegations that Defendants were deliberately indifferent to Plaintiff's medical needs because they refused to perform more tests and follow-up treatments concerning Plaintiff's disc problem that manifested itself in symptoms of dizziness and weakness in his right leg, numbness in his left leg, and pain in his lower back and neck. Plaintiff objects to the recommendation for dismissal because he contends that the Magistrate Judge incorrectly concluded that the grievances proffered by Plaintiff as evidence that he had exhausted his administrative remedies – grievance numbers 542-04-

0492 and 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 – failed to encompass the claims alleged in Plaintiff's complaint. (Doc. no. 37, pp. 1-3). Plaintiff also argues that the Magistrate Judge, by concluding that the grievances failed to encompass the claims raised by Plaintiff, improperly treated the exhaustion requirement as an adjudication on the merits of his Eighth Amendment claims. (Id. at 2, 3).

The Magistrate Judge sanctioned Plaintiff's Eighth Amendment claims in this case concerning Plaintiff's allegation that Defendants did not properly diagnose and treat Plaintiff's disc problem. In grievance number 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, Plaintiff complains that Nurse Gore did not permit him to be seen by a physician's assistant or doctor. In grievance 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, Plaintiff complains that Defendant Lift, a doctor at Telfair State Prison, would not refill Plaintiff's medication and would not renew his profile for a lower bunk. The Court concludes, as did the Magistrate Judge, that these two grievances do not address the allegations raised in Plaintiff's complaint that Defendants were deliberately indifferent to his medical needs concerning his disc problem.

In particular, the Court is not persuaded by Plaintiff's argument that due to space limitation on the grievance forms, it was impossible for him to include each and every minute detail concerning the alleged deliberate indifference. As previously noted, Plaintiff alleged that Defendants were deliberately indifferent to his medical needs because they refused to perform more tests and follow-up treatments concerning Plaintiff's disc problem that manifested itself in symptoms of dizziness and weakness in his right leg, numbness in his left leg, and pain in his lower back and neck. Complaints in grievance 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 that Nurse Gore did not permit Plaintiff to be seen by a physician's assistant or doctor do not

2

address Plaintiff's allegations that this very same doctor and/or physician's assistant refused to perform more tests and follow-up treatments concerning Plaintiff's disc problem. Similarly, Plaintiff's complaint in grievance 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 that Defendant Lift would not refill Plaintiff's medication and would not renew his profile for a lower bunk does not address Plaintiff's complaints that Defendants refused to perform more tests and follow-up treatments concerning Plaintiff's disc problem.

The Court turns next to Plaintiff's argument that the Magistrate Judge improperly treated the exhaustion requirement as an adjudication on the merits. Contrary to Plaintiff's assertion, ". . . exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits. . . ." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (citations omitted), *cert. denied*, No. 08-6665 (U.S. Dec. 8, 2008). Here, the Magistrate Judge simply addressed the exhaustion requirement imposed by the Prison Litigation Reform Act and determined that Plaintiff had not exhausted his administrative remedies. Moreover, there is no adjudication on the merits because as set forth below, dismissal of Plaintiff's complaint is without prejudice.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' Motion to Dismiss is **GRANTED**, Plaintiff's case is **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 3rd day of March, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3